IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH ANDREW MALDONADO, TDCJ No. 2482776, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-2720-B-BN |
| STATE OF TEXAS, ET AL., | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Joseph Andrew Maldonado, then an inmate at Dallas County's jail, filed a *pro se* complaint under 42 U.S.C. § 1983 asserting multiple violations related to his detention, including claims against unidentified individuals alleging excessive use of force and deliberate indifference. *See* Dkt. No. 3.

United States District Judge Jane J. Boyle referred Maldonado's lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Maldonado's motion for leave to proceed *in forma pauperis* under the Prison Litigation Reform Act ("PLRA"). *See* Dkt. Nos. 4 & 5.

And, as to his claim alleging excessive use of force, the Court required the Dallas County Sheriff's Department ("DCSD") to file a report under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), *see* Dkt. No. 6, in part to assist the Court to identify individual defendants for service of process, *see id.* at 2 n.1.

DCSD, added as an interested party to this proceeding, *see id.* at 4, filed the

*Martinez* report, which includes an exhibits footage from body cameras worn by deputies involved in the use of force that Maldonado claims was excessive, *see* Dkt. Nos. 18-22.

Considering, under the PLRA, Maldonado's allegations as framed by the *Martinez* report – but not considering those portions of the report that materially dispute Maldonado's plausible allegations – the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should dismiss Maldonado's complaint except for his claims related to excessive use of force.

**Legal Standards**

The PLRA requires that, where a plaintiff is imprisoned or detained pending trial and seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A *Martinez* report is one "tool" a district court may use to screen claims under Section 1915A. *Hamer v. Jones*, 364 F. App'x 119, 122 n.2 (5th Cir. 2010) (per curiam) ("This court has adopted the procedures used in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), as a tool by which an administrative record is constructed to assist in assessing prisoner litigation under 28 U.S.C. § 1915." (citing *Norton v. Dimazana*, 122 F.3d 286, 292-93 (5th Cir. 1997))).

And, as the United States Court of Appeals for the Fifth Circuit more recently explained,

> [a] district court may obtain a *Martinez* report to frame its evaluation of a prisoner's *in forma pauperis* claim. "A *Martinez* report is produced as a result of prison officials' investigating the prisoner's complaints and compiling an administrative record that acts like an affidavit to aid the district court in screening the complaint." The report serves only to "sort and clarify issues raised in a pro se complaint."

*Thompson v. Tex. Dep't of Criminal Justice*, 67 F.4th 275, 280 (5th Cir. 2023) (footnotes omitted).

Accordingly, information provided through "[a] *Martinez* report may not be used to resolve material disputed fact findings when they are in conflict with the pleadings or affidavits." *Newby v. Quarterman*, 325 F. App'x 345, 354 (5th Cir. 2009) (per curiam) (citing *Shabazz v. Askins*, 980 F.2d 1333, 1334-35 (10th Cir. 1992)); *accord Cardona v. Taylor*, 828 F. App'x 198, 201 (5th Cir. 2020) (per curiam) (collecting cases).

So, "if the *Martinez* report conflicts with the *pro se* plaintiff's allegations, the district court must accept the plaintiff's allegations as true, not the records in the report." *Davis v. Lumpkin*, 35 F.4th 958, 964 (5th Cir. 2022) (citation omitted); *see also Thompson*, 67 F.4th at 280 (approving "[t]he district court['s reliance] on the 'more complete record' in the *Martinez* report to elucidate details about [a plaintiff's alleged] medical evaluations" where "nothing in the district court's opinion [ ] contradict[ed] the claims in [the plaintiff's] initial pleadings").

**Analysis**

Maldonado alleges claims against the State of Texas and multiple non-jural

entities – that is, named defendants now shown to enjoy a separate and distinct legal existence. These entities include the Dallas County Sheriff's Department, Dallas County Adult Probation, Dallas County Public Defender's Office. *See* Dkt. No. 3 at 3.

Courts in this circuit dismiss claims against non-jural entities, commonly servient political departments, such as the entities named above. *See, e.g., Combs v. City of Dall.*, 289 F. App'x 684, 686 (5th Cir. 2008) (per curiam) (affirming dismissal of "the DPD as a defendant because it is a servient political department that does not enjoy a separate and distinct legal existence from the City of Dallas," as the plaintiff failed to "show that the City of Dallas granted the DPD the capacity to sue or be sued as a separate and distinct entity" (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."))).

The Court should also dismiss as a defendant the State of Texas, for lack of jurisdiction.

"Absent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F.4th 318, 321-22 (5th Cir. 2022) (citing *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 374, 276 (5th Cir. 2020)). That is, "'[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it.' Texas has not consented by statute, and § 1983," for example, "does not

abrogate state sovereign immunity." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015) (quoting *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014), then citing *Quern v. Jordan*, 440 U.S. 332, 340 (1979)).

But, even if asserted against proper defendants, Maldonado's claims related to these defendants should be dismissed. As to these defendants, he alleges, in sum, that his then detention was illegal because he should have been brought to trial sooner, and, so, he should be released and compensated. *See* Dkt. No. 3 at 3-4 & 6-7.

Applicable to this claim are criminal records provided in the *Martinez* report, of which the Court may also take judicial notice at the pleadings stage, *cf. Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (per curiam) (under Federal Rule of Evidence 201, a district court may "take judicial notice of the state court's orders, final judgment, and docket as matters of public record attached to the motion to dismiss" (citations omitted)).

As summarized by the DCSD,

> [o]n September 4, 2014, Maldonado pled guilty in the 194th District Court of Dallas County, Texas, to the offenses of aggravated sexual assault of a child (case no. F-14-00310-M) and indecency with a child/contact (case no. F-10-25686-M). (the "2014 Offenses"). (Appx. 522-535). Maldonado was sentenced to ten years deferred probation in each case. (Id.).
> Thereafter, the State of Texas moved to revoke Maldonado's community supervision and proceed with an adjudication of guilt on the 2014 Offenses. On January 17, 2023, Maldonado was booked into the Dallas County Jail (bookin # 23002325). (Appx. 019-020, 023, 041-052). Maldonado remained in the Dallas County jail as he awaited the hearing on his probation revocation. (Appx. 023). Maldonado's probation was revoked on December 15, 2023. (Appx. 536-548). Maldonado was sentenced to 5 years in the TDCJ on case no. F-10-25686-M, and 7 years

> in the TDCJ on case no. F-14-00310-M). (Appx. 026, 027; Appx. 536-548). Thereafter, Maldonado was released by the Dallas County Sheriff's Department to the custody of the Texas Department of Corrections on January 31, 2024. (Appx. 023).

Dkt. No. 18 at 5.

So Maldonado now seeks monetary damages based on a detention that he claims was at the time illegal but which has resulted in his current incarceration.

And, because he fails to show that the resulting conviction (and the sentence he is now serving) has been successfully challenged, as to the related civil claim, Maldonado "demands relief [currently] barred by *Heck v. Humphrey*," 512 U.S. 477 (1994), and therefore "fails to state a claim." *Ray v. Recovery Healthcare Corp.*, No. 22-10303, 2022 WL 16945898, at *2 (5th Cir. Nov. 15, 2022) (per curiam) (citing *Crittindon v. LeBlanc*, 37 F.4th 177, 190 (5th Cir. 2022)).

That is, a Section 1983 claim that "falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citation omitted); *see, e.g.*, *Anderson v. Galveston Cnty. Dist. Clerk*, 91 F. App'x 925, 926 (5th Cir. 2004) (per curiam) ("Anderson's complaint, given its most liberal construction, sought damages for the denial of his Sixth Amendment right to a speedy trial. A determination that Anderson's Sixth Amendment right to a speedy trial was violated would necessarily implicate the invalidity of his conviction, and Anderson has not shown that his conviction has been overturned or otherwise declared invalid. Consequently, the district court did not abuse its discretion in dismissing the complaint as frivolous given that the damages claim raised therein

was *Heck*-barred and thus had no arguable merit." (citations omitted)).

Moving to the claims not related to his current incarceration and thus not now barred by *Heck*, *see, e.g., Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008), Maldonado alleges that

> three of the detention officers forcefully slammed me to the ground and put me in a Hog Tied position forcing my arms behind my back in which my left shoulder made a pop and tear sound causing severe pain and wouldn't even send me to have X rays done on my shoulder, I had just returned from the Hospital on September 1, 2023 for an assault from an Inmate. The floor staff already knew since January that my left arm would not go back behind my back due to arthritis. To this date I cannot use my left arm to pick up certain things because the shooting pains are way too intense, can't even try to work out and therefore I'm losing muscle mass in left arm.

Dkt. No. 3 at 8 (cleaned up).

To the extent that these allegations are intended to plead an excessive force claim, to plausibly plead such a claim, a plaintiff must allege facts to show or from which the court may infer "that he 'suffered an injury that resulted directly and only from a clearly excessive and objectively unreasonable use of force.'" *Allen v. Hays*, 65 F.4th 736, 744 (5th Cir. 2023) (cleaned up; quoting *Cloud v. Stone*, 993 F.3d 379, 384 (5th Cir. 2021) (citing, in turn, *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020))). *Cf. Delacruz v. City of Port Arthur*, No. 1:18-CV-11, 2019 WL 1211843, at *7 (E.D. Tex. Mar. 14, 2019) (considering a Rule 12(b)(6) motion to dismiss, "[t]he central question is whether Plaintiffs have pleaded facts that plausibly suggest the Officers' conduct was clearly excessive and objectively unreasonable").

As the Fifth Circuit has explained,

> [t]his is an objective standard. The use of force is not excessive and unreasonable if "the officer's actions are objectively reasonable in light

> of the facts and circumstances confronting him, without regard to their underlying intent or motivation." Many factors are relevant: "With 'careful attention to the facts and circumstances of each particular case,' courts consider 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" Courts will consider "not only the need for force, but also the relationship between the need and the amount of force used." And the reasonableness is "judged from the perspective of a reasonable officer on the scene," instead of the "20/20 vision of hindsight."

*Allen*, 65 F.4th at 744 (cleaned up); *see also Hatcher v. Bement*, No. 3:14-cv-M-BN, 2015 WL 1511106, at *4 (N.D. Tex. Apr. 3, 2015) ("To gauge the objective reasonableness of the force, a court 'must balance the amount of force used against the need for force.' … The inquiry into reasonableness is fact specific." (cleaned up; quoting *Ramirez v. Knoulton*, 542 F.3d 124, 129 (5th Cir. 2008); citation omitted)).

Missing from Maldonado's excessive force allegations are facts to show the context in which the force in question was used. Without this context – that is without an allegation as to "the facts and circumstances confronting" the officers when the force was applied, it is difficult to judge whether there was unconstitutionally excessive force.

But this is screening, not summary judgment. And the facts as alleged, which must be viewed "in the light most favorable to the plaintiff," *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), allow the Court "to draw a reasonable inference" that the force was unconstitutionally excessive, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), as the Court should not "defeat plausible inferences using speculation," *Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024).

And, to the extent that the *Martinez* report offers evidence – including body cam footage – that contradicts Maldonado's allegations, *see, e.g.*, Dkt. No. 18 at 15-17, the Court cannot rely on that portion of the report at this stage, *see Davis*, 35 F.4th at 964; *Thompson*, 67 F.4th at 280; *Newby*, 325 F. App'x at 354; *Cardona*, 828 F. App'x at 201.

This is the case even though courts typically adopt video depictions of events over allegations where the video contradicts the allegations because, here, the videos cannot be considered part of the pleadings – for example, Maldonado does not allege that the incident in question was captured on tape. *See, e.g., Sligh v. City of Conroe, Tex.*, 87 F.4th 290, 298 (5th Cir. 2023) (per curiam) ("If an allegation is qualified by the contents of an exhibit attached to the pleadings, but the exhibit instead contradicts the allegation, 'the exhibit and not the allegation controls.' Here, the Video was attached to Montgomery County and Montes's joint motion to dismiss and referenced by Sligh in her operative complaint. Accordingly, to the extent that the Video contradicts Sligh's allegations, the Video controls." (citation omitted)).

And, to the extent the allegations excerpted above are also meant to plead a claim of deliberate indifference, that "'is an extremely high standard to meet' but can be satisfied by a 'wanton disregard for [an inmate's] serious medical needs.'" *Cope v. Cogdill*, 3 F.4th 198, 207 (5th Cir. 2021) (quoting *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).

Put another way, "[d]eliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice,

not merely an unintentionally negligent oversight." *Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting, in turn, *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992))); *see also Kelson v. Clark*, 1 F.4th 411, 417 (5th Cir. 2021) ("[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm. Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." (cleaned up)).

Alone, a disagreement with medical treatment or a failure to provide additional medical treatment does not constitute deliberate indifference. *See Domino*, 239 F.3d at 756; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *see also Smith v. Allen*, 288 F. App'x 938, 939 (5th Cir. 2008) (per curiam) (determination that a prisoner was not a candidate for further surgery after two prior surgeries were not successful "is insufficient to establish a constitutional violation" (citations omitted)).

Applying these standards to Maldonado's allegation that the officers "wouldn't even send me to have X rays done on my shoulder," considering that he "had just returned from the Hospital on September 1, 2023 for an assault from an Inmate," Dkt. No. 3 at 8, Maldonado alleges a mere disagreement as to treatment that does not amount to wanton disregard.

This finding is supported by evidence offered through the *Martinez* report. And, to the extent that the report provides a "'more complete record'" as to the incident and

thus fills in the gaps, providing needed context but not "contradict[ing] the claims in [Maldonado's] initial pleadings," the Court may rely on it for purposes of screening. *Thompson*, 67 F.4th at 280.

All Maldonado asserts as to the failure to provide medical care that allegedly was deliberately indifferent is that he was not "sen[t] to have X rays done," but the report reflects that, while no X rays were conducted, Maldonado was directly taken to the nurses' station. *See* Dkt. No. 18 at 17-18. Such action fails to exhibit wanton disregard for Maldonado's medical needs.

## Recommendation

The Court should dismiss the complaint with prejudice under 28 U.S.C. § 1915A(b)(1) except for Plaintiff Joseph Andrew Maldonado's allegations related to excessive use of force.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 20, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE